UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| D.A., A.A., and LUCINDA DEL CARMEN PADILLA GONZALES, §§§§ Plaintiffs, | |
| v. § | EP-22-CV-00295-FM |
| UNITED STATES OF AMERICA, §§§§ Defendant. | |

**DEFENDANT'S OPPOSED MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY AND SCHEDULING ORDER RECOMMENDATIONS**

Defendant UNITED STATES OF AMERICA hereby files this Opposed Motion for a Protective Order to Stay Discovery and Scheduling Recommendations, pursuant to Federal Rule of Civil Procedure 26 (c) and in support thereof, would show the Court the following:

## I.  PROCEDURAL BACKGROUND

1. On May 22, 2020, Plaintiffs filed their Complaint in the Northern District of Illinois. ECF No. 1. Plaintiffs filed their First Amended Complaint on September 30, 2020. ECF No. 35. Plaintiffs assert their claims against Defendant United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346 (b). *Id.*, p. 1. Defendant United States moved to dismiss Plaintiffs' complaints. *See* ECF Nos. 27, 41.

2. On May 18, 2021, Plaintiffs filed a Stipulated Motion to Stay Proceedings Between Plaintiff and the United States seeking a 60-day abeyance period of all proceedings to pursue settlement options. ECF No. 48. After several extensions of the stay were granted (ECF Nos. 52, 54, 62, 66), the parties advised the court on January 14, 2022, that with regards to the Plaintiffs' claims against the United States, no further stay of the case was warranted and requested that the stay be lifted. ECF No. 69.

3. On August 11, 2022, the United States District Court for the Northern District of Illinois ordered the case transferred to the Western District of Texas. ECF Nos. 85, 87, 88.

4. The case was initially assigned to the Honorable Judge Kathleen Cardone and later transferred to this Honorable Court. ECF No. 90.

5. On October 13, 2022, Defendant United States filed its Second Amended Renewed Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* ECF No. 105.

6. Plaintiffs' response to Defendant's motion is due by December 2, 2022. ECF No. 110.

7. On November 2, 2022, the Parties were ordered to submit a joint Proposed Scheduling Order by December 1, 2022. ECF No. 107.

8. Defendant United States respectfully requests the Court stay discovery together with the requirements to submit scheduling recommendations, until the Court has an opportunity to consider and rule on the jurisdictional defenses raised by the United States.

## II. ARGUMENT AND AUTHORITIES

The control of discovery "is committed to the sound discretion of the trial court" and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable." *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986); *see also Angus Chemical Co. v. Glendora Plantation, Inc.*, No. 14-30416, 2015 WL 1344545, at *3 (5th Cir. Mar. 24, 2015) (discovery rulings reversed only where they are arbitrary or clearly unreasonable).

A ruling on a motion to stay is a matter of judgment which is reviewed under the abuse of discretion standard. *Carder v. Continental Airlines, Inc.*, 595 F. App'x 293, 300 (5th Cir. 2014). It is not an abuse of discretion to grant a motion to stay discovery pending a dispositive motion

presenting a question of law, where discovery would not be necessary for the resolution of the pending motion. *Sapp v. Memorial Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010) (citation omitted). "[It is] wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach a determination on those merits." *Id.*, citing *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988).

"A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987), citing *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). *See also United States v. Mitchell*, 445 U.S. 535, 538 (1980), quoting *United States v. King*, 395 U.S. 1, 4 (1969) ("A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'"), and *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). "It is to be presumed that a cause lies outside [federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). This burden is a heavy one. *See Petty v. Tennessee-Missouri Bridge Comm'n*, 359 U.S. 275, 276 (1959) ("The conclusion that there has been a waiver of immunity will not be lightly inferred.").

Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. *Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011). Plaintiffs asserts that their cause of action arises under the FTCA. ECF No. 35, p. 1. It is well-settled that the FTCA is a limited waiver of sovereign immunity and permits suit only on terms and conditions strictly prescribed by Congress. *See United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).

One limitation on a court's subject matter jurisdiction under the FTCA is the discretionary function exception, 28 U.S.C. § 2680(a). *McNeily v. United States,* 6 F.3d 343, 347 (5th Cir. 1993).

In its Second Amended Renewed Motion to Dismiss, Defendant United States has established that Plaintiffs' claims are barred by the FTCA's discretionary function exception. Further, as demonstrated in the United States' motion, the Court lacks subject matter jurisdiction over Plaintiffs' claims that are barred by the FTCA's exception for actions taken while reasonably executing the law, 28 U.S.C. § 2680(a). Moreover, the Court lacks subject matter jurisdiction because there is no private person analogue to the governmental conduct challenged by Plaintiffs, and Plaintiffs' conversion claims are barred by the FTCA's detention-of-goods exception. Finally, as demonstrated in the United States' motion, Plaintiffs failed to state a claim under Texas law for intentional infliction of emotional distress, abuse of process, and medical negligence. ECF No. 105.

"Governmental immunity is a threshold question which acts as a bar to a court's right to adjudicate a claim. It is a defense to the burdens of litigation, not just the burdens of liability." *Sutton v. United States*, 819 F.2d 1289, 1299 (5th Cir. 1987). "Until the threshold immunity question is resolved, discovery should not be allowed." *Id.*, citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("[B]are allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery.").

Therefore, until this Court has had an opportunity to consider Defendant United States' motion, the United States respectfully requests that no discovery be allowed to proceed, and the requirements of Rule 26 also be stayed.

### III.     CERTIFICATE OF CONFERENCE

Counsel for the United States hereby certifies that movant conferred by email with counsel for Plaintiffs. Counsel for Plaintiffs responded that Plaintiffs are opposed to the relief requested.

4

## IV. CONCLUSION

Defendant United States prays that its Motion for Protective Order to Stay Discovery and Scheduling Order Recommendations be in all things granted, that discovery in this cause of action be stayed until this Court has had an opportunity to consider and rule on the United States' Second Amended Renewed Motion to Dismiss, and for any further relief to which it may be justly entitled.

Respectfully submitted,

**ASHLEY C. HOFF**
UNITED STATES ATTORNEY

/s/ Manuel Romero
**MANUEL ROMERO**
Assistant United States Attorney
Texas State Bar No. 24041817
Email: Manuel.Romero@usdoj.gov
**ANGELICA A. SAENZ**
Assistant United States Attorney
Texas State Bar No. 24046785
Email: angelica.saenz@usdoj.gov
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office: (915) 534-6555
Facsimile: (915) 534-3490
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of November, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants: Anand Swaminathan, Stephen H. Weil, and Joe A. Spencer; and I have mailed a copy, certified mail, return receipt requested, to the following non-CM/ECF participants: Zachary Manfredi and Ming Tanigawa-Lau, Asylum Seeker Advocacy Project, 228 Park Ave. S. #848, New York, NY 1003, *Attorneys for Plaintiffs.*

/s/ Manuel Romero
**MANUEL ROMERO**
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| D.A., A.A., and LUCINDA DEL CARMEN PADILLA GONZALES,<br>    Plaintiffs, | §<br>§<br>§<br>§ | |
| v. | § | EP-22-CV-00295-FM |
| UNITED STATES OF AMERICA,<br>    Defendant. | §<br>§<br>§<br>§ | |

## ORDER

CAME ON TO BE CONSIDERED, Defendant UNITED STATES OF AMERICA'S Opposed Motion For a Protective Order to Stay Discovery and Scheduling Recommendations in the above-styled and numbered cause, and the Court having considered the Motion, is of the opinion that it should be **GRANTED.**

IT IS, THEREFORE, ORDERED that the Motion for a Protective Order to Stay Discovery and Scheduling Order Recommendations is granted and that this cause be stayed and all further proceedings be abated until further ordered by the Court.

SIGNED on this ____ day of _____, 2022.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**