**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **D.A., A.A., and LUCINDA DEL** | § | |
| **CARMEN PADILLA GONZALES,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **EP-22-CV-00295-FM** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Defendant.** | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

The United States of America submits the following Answer to Plaintiff's First Amended Complaint (ECF No. 35) as follows:

**GENERAL ANSWER**

1.      The United States denies any and all allegations in the First Amended Complaint not specifically admitted herein.

2.      Plaintiffs quote various documents throughout the First Amended Complaint, including United States District Court cases, Congressional statutes, reports and testimony, media articles, and investigatory reports. Defendant responds to these citations as follows:

a.      In the specific answers that follow, to the extent a paragraph in the First Amended Complaint cites or otherwise references one of these documentary sources solely as support for a factual allegation, Defendant answers the factual allegation in accordance with Federal Rule of Civil Procedure 8 by either admitting, denying, or pleading lack of sufficient information with respect to that factual allegation. The citation of the source underlying the factual allegation is in and of itself not a factual allegation requiring a response.

b.      To the extent a paragraph in the First Amended Complaint contains a factual allegation, purports to provide a quotation from a documentary source in whole or in part in a manner requiring a response as to its truthfulness or accuracy, or specifically describes a finding or conclusion of a report, policy, or other cited source, Defendant answers those allegations in accordance with Fed. R. Civ. P. 8.

3.      Insofar as the First Amended Complaint contains allegations regarding the subjective mindset, knowledge, or motivation of various Executive Branch officials and employees, those allegations are denied throughout the Answer.

4.      Insofar as allegations relate to or reference the identities, ages, relationships, and nationalities of Plaintiffs, Defendant lacks information sufficient to form a belief as to the allegations because Plaintiffs are proceeding pseudonymously. Therefore, any specific admissions or denials, in full or in part, of allegations specific to Plaintiffs are qualified by the provision that Defendant is answering based on its belief, but lack of certainty, as to the identities of Plaintiffs.

## SPECIFIC ANSWERS BY PARAGRAPH

The first unnumbered paragraph on page one of Plaintiffs' First Amended Complaint (Amended Complaint) contains Plaintiffs' preliminary statement, characterization of their cause of actions, and legal conclusions to which no response is required.

## INTRODUCTION

1.      In response to paragraph 1 of Plaintiffs' Amended Complaint, Defendant is without sufficient information to admit or deny the truth or falsity as to why Plaintiffs came to the United States, and therefore denies the allegation. Defendant admits Plaintiffs' action seeks damages, but Defendant denies Plaintiffs are entitled to any relief whatsoever. Defendant denies the remaining allegations of paragraph 1 of Plaintiffs' Amended Complaint.

2.     Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 2 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

3.     In response to paragraph 3 of Plaintiffs' Amended Complaint, Defendant only admits D.A. was 14 years old and A.A. was 5 years old in May 2018. Defendant denies the remaining allegations in paragraph 3 of Plaintiffs' Amended Complaint.

4.     In response to paragraph 4 of Plaintiffs' Amended Complaint, Defendant is without sufficient information to admit or deny the truth or falsity of when Luis Adron-Castellanos (Adron-Castellanos) arrived in the United States, and therefore denies the allegation. Defendant further denies the remaining allegations of paragraph 4 of Plaintiffs' Amended Complaint.

5.     In response to paragraph 5 of Plaintiffs' Amended Complaint, Defendant is without sufficient information to admit or deny the truth or falsity of any allegations regarding trauma Plaintiffs allege to have suffered, and therefore denies the allegations.  Defendant further denies the remaining allegation of paragraph 5 of Plaintiffs' Amended Complaint.

6.     In response to paragraph 6 of Plaintiffs' Amended Complaint, Defendant is without sufficient information to admit or deny the truth or falsity of any allegations regarding trauma Plaintiffs allege to have suffered, and therefore denies the allegations. Defendant further denies the remaining allegation of paragraph 6 of Plaintiffs' Amended Complaint.

7.     The allegations in paragraph 7 of Plaintiffs' Amended Complaint are not directed against Defendant, thus no response is required. To the extent the paragraph may be construed to constitute allegations of material facts to which a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 7 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

8.      In response to paragraph 8 of Plaintiffs' Amended Complaint, Defendant avers that to the extent Plaintiffs' allegations relate to their claim of medical negligence, that claim has been dismissed by the Court and require no response. To the extent the allegations of paragraph 8 of Plaintiffs' Amended Complaint relates to other claims, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations relating to the crutches purportedly provided to Plaintiff Lucinda del Carmen Padilla-Gonzales (Padilla-Gonzales) at a hospital, and therefore denies the allegations. Defendant denies the remaining allegations in paragraph 8 of Plaintiffs' Amended Complaint.

9.      In response to paragraph 9 of Plaintiffs' Amended Complaint, Defendant admits Padilla-Gonzales was released from federal custody on or about August 13, 2018, and that she had legal representation at the time of her release. Defendant denies Plaintiffs were mistreated. Defendant is without sufficient information to admit or deny the truth or falsity of Plaintiffs' remaining allegations in paragraph 9 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

## JURISDICTION AND VENUE

10.      In response to paragraph 10 of Plaintiffs' Amended Complaint, Defendant admits Plaintiffs seek to invoke the Court's jurisdiction under the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), but asserts that whether jurisdiction exists is a conclusion on law reserved to the Court for determination and to which no response is required. Defendant further asserts that this Court has jurisdiction over this action with regard only to the claims for which Plaintiffs have exhausted administrative remedies.

11.      Paragraph 11 of Plaintiffs' Amended Complaint contains legal conclusions regarding the exhaustion of administrative remedies to which no response is required.  To the

extent a response is required, Defendant only admits an administrative claim dated June 6, 2019, naming Padilla-Gonzales individually and on behalf of her minor children D.A. and A.A. was submitted to the DHS, U.S. Citizenship and Immigration Services (USCIS), U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE). Defendant further admits that administrative claims for Plaintiffs D.A., A.A. and Padilla-Gonzales were presented to the U.S. Department of Health and Human Services (HHS) on June 11, 2019. Defendant avers the administrative claims speaks for themselves. Defendant admits more than six months passed between June 11, 2019, and the filing of Plaintiffs' Original Complaint on August 26, 2021.

12.     The allegations in paragraph 12 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

13.     In response to paragraph 13 of Plaintiffs' Amended Complaint, Defendant only admits that if jurisdiction exists to hear this case, venue is proper in the Western District of Texas, El Paso Division.

**PARTIES**

14.     In response to paragraph 14 of Plaintiffs' Amended Complaint, Defendant admits birth records for D.A. indicate her mother is Padilla-Gonzales and that she was born in 2004. Defendant further admits D.A. is female and was 14 years old in May 2018.

15.     In response to paragraph 15 of Plaintiffs' Amended Complaint, Defendant admits birth records for A.A. indicate his mother is Padilla-Gonzales and that he was born in 2013. Defendant further admits A.A. is male and was 5 years old in May 2018.

16.     In response to paragraph 16 of Plaintiffs' Amended Complaint, Defendant admits birth records for A.A. and D.A. indicate Padilla-Gonzales is their mother.

17.     Paragraph 17 of Plaintiffs' Amended Complaint contains Plaintiffs' characterization of their cause of action to which no response is required.  To the extent the paragraph may be construed to constitute allegations of material fact to which a response is required, Defendant admits only that the United States is the only proper defendant under the FTCA. Defendant denies the remaining allegations of paragraph 17 of Plaintiffs' Amended Complaint. Defendant specifically denies Plaintiffs are entitled to any recovery under the FTCA.

18.     The allegations in paragraph 18 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required. To the extent a response is required, Defendant admits that in 2018, HHS' Office of Refugee Resettlement (ORR) maintained a cooperative agreement with Heartland Human Care Services, Inc. (Heartland), in which Heartland received federal grant funds for the provision of residential services to unaccompanied children (UC).

## ALLEGATIONS

### A.     D.A., A.A., and Lucinda come to the United States seeking asylum.

19.     In response to paragraph 19 of Plaintiffs' Amended Complaint, Defendant admits that on or about May 23, 2018, Padilla-Gonzales, D.A. and A.A. (Plaintiffs) entered the United States through its Southwest Border and were detained by CBP officers. Defendant further admits that on or about June 2018 Padilla-Gonzales requested asylum in the United States. Defendant is without sufficient information to admit or deny the truth or falsity of any allegations asserted, and therefore denies the allegations.

### B.     The government confines the family in an "icebox."

20.     In response to paragraph 20 of Plaintiffs' Amended Complaint, Defendant admits Plaintiffs were transported by CBP to the Ysleta Border Patrol Station in El Paso County, Texas.

Defendant denies the Ysleta Border Patrol Station is a port of entry. Defendant is without sufficient information to admit or deny the truth or falsity of the remaining allegations asserted in paragraph 20 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

21.     In response to paragraph 21 of Plaintiffs' Amended Complaint, Defendant denies Plaintiffs were held in an "icebox" or "*hielera*" as described by Plaintiffs. Defendant is without sufficient information to admit or deny the truth or falsity of the remaining allegations asserted in paragraph 21 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

22.     In response to paragraph 22 of Plaintiffs' Amended Complaint, Defendant admits D.A. and A.A. were detained at the Ysleta Border Patrol Station for approximately a day and a half before being transferred to the Clint Border Patrol Station. Defendant denies Padilla-Gonzales was held at the Ysleta Border Patrol Station for approximately a day and a half. Defendant further denies any medical needs of Padilla-Gonzales were ignored. Defendant admits Padilla-Gonzales was transported from the Ysleta Border Patrol Station to a local hospital so she could be seen by medical personnel regarding her leg. Defendant is without sufficient information to admit or deny the truth or falsity of the remaining allegations asserted in paragraph 22 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

**C.     Federal agents separate D.A. and A.A. from their mother.**

23.     In response to paragraph 23 of Plaintiffs' Amended Complaint, Defendant admits that on or about May 24, 2018, Padilla-Gonzales returned from the hospital to the Ysleta Border Patrol Station. Defendant further admits Padilla-Gonzales was transported to the El Paso County Detention Facility where she was detained pending prosecution for entering the United States illegally.  Defendant is without sufficient information to admit or deny the truth or falsity of the

remaining allegations asserted in 23 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

24.     Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 24 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

25.     In response to paragraph 25 of Plaintiffs' Amended Complaint, Defendant admits Plaintiffs were separated on or about May 24, 2018, when Padilla-Gonzales was transported to the El Paso County Detention Facility pending prosecution for entering the United States illegally. Defendant denies the remaining allegations asserted in paragraph 25 of Plaintiffs' Amended Complaint.

26.     Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 26 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

**D.     D.A. and A.A. are sent to Chicago, rather than released to their father, Luis.**

27.     In response to paragraph 27 of Plaintiffs' Amended Complaint, Defendant admits that after Padilla-Gonzales was transported to the El Paso County Detention Facility, D.A. and A.A. were transported to the Clint Border Patrol Station in El Paso County, Texas. Defendant admits other minors were being temporarily detained at the Clint Border Patrol Station. Defendant is without sufficient information to admit or deny the truth or falsity of the remaining allegations asserted in paragraph 27 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

28.     Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 28 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

29.     In response to paragraph 29 of Plaintiffs' Amended Complaint, Defendant admits that on or about May 26, 2018, D.A. and A.A. were transported by commercial airline to Chicago, Illinois. Defendant is without sufficient information to admit or deny the truth or falsity of the remaining allegations asserted in paragraph 29 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

30.     In response to paragraph 30 of Plaintiffs' Amended Complaint, Defendant avers that to the extent Plaintiffs' allegations relate to any delays to unite D.A. or A.A. with Adron-Castellano, the allegations asserted in this paragraph have been dismissed by the Court and require no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the actions undertaken by Adron-Castellanos, and therefore denies the allegations. Defendant denies the remaining allegations asserted in paragraph 30 of Plaintiffs' Amended Complaint.

**E.      In Chicago, D.A. and A.A. are mistreated in the custody of Heartland Alliance.**

31.     In response to paragraph 31 of Plaintiffs' Amended Complaint, Defendant admits that upon arriving in Chicago, D.A. and A.A. were transported to Casa Guadalupe, a state licensed residential shelter operated by Heartland, and an ORR funded care provider, in Chicago, Illinois. Defendant is without sufficient information to admit or deny the truth or falsity of the remaining allegations asserted in paragraph 31 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

32.     The allegations in paragraph 32 of Plaintiffs' Amended Complaint are not directed against Defendant; the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required. To the extent the paragraph may be construed to constitute allegations of material facts to which a response is required, Defendant admits that UC case files

for D.A. and A.A. reflect that they were each greeted upon arrival, given a meal, asked initial health screening questions, provided clothes and shoes, and then shown to their proper assigned house setting. Defendant is without sufficient information to admit or deny the truth or falsity of the remaining allegations asserted in paragraph 32 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

33.     The allegations in paragraph 33 of Plaintiffs' Amended Complaint are not directed against Defendant; the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required. To the extent the paragraph may be construed to constitute allegations of material facts to which a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 33 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

34.     The allegations in paragraph 34 of Plaintiffs' Amended Complaint are not directed against Defendant; the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required. To the extent the paragraph may be construed to constitute allegations of material facts to which a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 34 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

35.     The allegations in paragraph 35 of Plaintiffs' Amended Complaint are not directed against Defendant; the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required. To the extent the paragraph may be construed to constitute allegations of material facts to which a response is required, Defendant only admits that phone logs contained in D.A. and A.A.'s UC case file reflect that D.A. and A.A. each spoke with their father, Adron-Castellanos, on multiple occasions while at Casa Guadalupe. Phone logs also reflect

A.A. spoke with an uncle twice. Defendant is without sufficient information to admit or deny the truth or falsity of the remaining allegations asserted in paragraph 35 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

36.     The allegations in paragraph 36 of Plaintiffs' Amended Complaint are not directed against Defendant; the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required. To the extent the paragraph may be construed to constitute allegations of material facts to which a response is required, Defendant admits that phone logs contained in A.A.'s UC case file reflect that while at Casa Guadalupe, A.A. spoke weekly with his father. Defendant is without sufficient information to admit or deny the truth or falsity of the remaining allegations asserted in paragraph 36 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

37.     The allegations in paragraph 37 of Plaintiffs' Amended Complaint are not directed against Defendant; the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required. To the extent the paragraph may be construed to constitute allegations of material facts to which a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 37 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

38.     The allegations in paragraph 38 of Plaintiffs' Amended Complaint are not directed against Defendant; the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required. To the extent the paragraph may be construed to constitute allegations of material facts to which a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 38 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

39.     The allegations in paragraph 39 of Plaintiffs' Amended Complaint are not directed against Defendant; the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required. To the extent the paragraph may be construed to constitute allegations of material facts to which a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 39 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

40.     The allegations in paragraph 40 of Plaintiffs' Amended Complaint are not directed against Defendant; the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required. To the extent the paragraph may be construed to constitute allegations of material facts to which a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 40 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

41.     The allegations in paragraph 41 of Plaintiffs' Amended Complaint are not directed against Defendant; the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required. To the extent the paragraph may be construed to constitute allegations of material facts to which a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 41 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

42.     The allegations in paragraph 42 of Plaintiffs' Amended Complaint are not directed against Defendant; the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required. To the extent the paragraph may be construed to constitute allegations of material facts to which a response is required, Defendant is without sufficient

information to admit or deny the truth or falsity of the allegations asserted in paragraph 42 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

43.     The allegations in paragraph 43 of Plaintiffs' Amended Complaint are not directed against Defendant; the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required. To the extent the paragraph may be construed to constitute allegations of material facts to which a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 43 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

44.     The allegations in paragraph 44 of Plaintiffs' Amended Complaint are not directed against Defendant; the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required. To the extent the paragraph may be construed to constitute allegations of material facts to which a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 44 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

45.     The allegations in paragraph 45 of Plaintiffs' Amended Complaint are not directed against Defendant; the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required. To the extent the paragraph may be construed to constitute allegations of material facts to which a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 45 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

46.     The allegations in paragraph 32 of Plaintiffs' Amended Complaint are not directed against Defendant; the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required. To the extent the paragraph may be construed to constitute

allegations of material facts to which a response is required, Defendant only admits that on or about June 29, 2018, D.A. and A.A. were released to their father, Adron-Castellanos, as an approved sponsor and traveled to South Carolina to live with him.

**G.     [sic] Defendants unnecessarily delay D.A. and A.A.'s reunification with their father.**

47.     In response to paragraph 47 of Plaintiffs' Amended Complaint, Defendant avers that to the extent Plaintiffs' allegations relate to any delays to unite D.A. or A.A. with Adron-Castellano, the allegations asserted in this paragraph have been dismissed by the Court and require no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 47 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

48.     In response to paragraph 48 of Plaintiffs' Amended Complaint, Defendant avers that to the extent Plaintiffs' allegations relate to any delays to unite D.A. or A.A. with Adron-Castellano, the allegations asserted in this paragraph have been dismissed by the Court and require no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 48 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

49.     In response to paragraph 49 of Plaintiffs' Amended Complaint, Defendant avers that to the extent Plaintiffs' allegations relate to any delays to unite D.A. or A.A. with Adron-Castellano, the allegations asserted in this paragraph have been dismissed by the Court and require no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 49 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

50.     In response to paragraph 50 of Plaintiffs' Amended Complaint, Defendant avers that to the extent Plaintiffs' allegations relate to any delays to unite D.A. or A.A. with Adron-Castellano, the allegations asserted in this paragraph have been dismissed by the Court and require no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 50 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

51.     In response to paragraph 51 of Plaintiffs' Amended Complaint, Defendant avers that to the extent Plaintiffs' allegations relate to any delays to unite D.A. or A.A. with Adron-Castellano, the allegations asserted in this paragraph have been dismissed by the Court and require no response. To the extent a response is required, Defendant only admits that on or about June 29, 2018, D.A. and A.A. were released to their father, Adron-Castellanos, as an approved sponsor and traveled to South Carolina to live with him. Defendant denies the remaining allegations asserted in the paragraph.

**H.     The Government mistreated Lucinda, who remained in its custody.**

52.     In response to paragraph 52 of Plaintiffs' Amended Complaint, Defendant admits Plaintiffs were separated on or about May 24, 2018, when Padilla-Gonzales was transported to the El Paso County Detention Facility pending prosecution for entering the United States illegally. Defendant is without sufficient information to admit or deny the truth or falsity of the remaining allegations arrested in paragraph 52 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

53.     In response to paragraph 53 of Plaintiffs' Amended Complaint, Defendant admits on or about May 29, 2018, Padilla-Gonzales pled guilty to improper entry by an alien under 8

U.S.C. § 1325(a)(1). Defendant further admits Padilla-Gonzales was sentenced to one year probation, non-reporting and unsupervised.

54.    In response to paragraph 54 of Plaintiffs' Amended Complaint, Defendant admits that after Padilla-Gonzales guilty plea and sentence, she was transferred from the El Paso County Detention Center to the West Texas Detention Facility in Sierra Blanca, Texas (WTDF). Defendant is without sufficient information to admit or deny the truth or falsity of the remaining allegations asserted in paragraph 54 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

**I.    The government recklessly causes Lucinda to suffer a traumatic brain injury.**

55.    In response to paragraph 55 of Plaintiffs' Amended Complaint, Defendant admits that while Padilla-Gonzales was being transported on June 21, 2018, Padilla-Gonzales hit her head when the vehicle driver rapidly applied the vehicle brakes to avoid an accident. Defendant is without sufficient information to admit or deny the truth or falsity of the remaining allegations arrested in paragraph 55 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

56.    Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 56 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

57.    In response to paragraph 57 of Plaintiffs' Amended Complaint, Defendant denies federal agents took no action to respond or acknowledge Padilla-Gonzales had hit her head while in transport. Defendant admits that Padilla-Gonzales was being transported for removal on June 21, 2018. Defendant further admits that prior to be taken to the airport, Padilla-Gonzales was medically evaluated and cleared for travel. Defendant admits that at the airport, Padilla-Gonzales requested reunification with her children, and she was not removed from the United States. Defendant is without sufficient information to admit or deny the truth or falsity of the remaining

allegations asserted in paragraph 57 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

58.     In response to paragraph 58 of Plaintiffs' Amended Complaint, Defendant admits that Padilla-Gonzales was returned to the WTDF, and that she was take to the hospital on June 21, 2018. Defendant denies Padilla-Gonzales was not taken to the hospital until the next day as alleged in Plaintiffs' Amended Complaint. Defendant further admits that Padilla-Gonzales was also given ibuprofen while at the WTDF. Defendant is without sufficient information to admit or deny the truth or falsity of the remaining allegations asserted in paragraph 58 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

59.     In response to paragraph 59 of Plaintiffs' Amended Complaint, Defendant only admits that detention standards require facilities to conduct regular face to face counts of detainees. Defendant denies the conditions at the WTDF were miserable. Defendant is without sufficient information to admit or deny the truth or falsity of the remaining allegations asserted in paragraph 59 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

60.     In response to paragraph 60 of Plaintiffs' Amended Complaint, Defendant admits the United States Citizenship and Immigration Services (USCIS) conducted a credible fear interview of Padilla-Gonzales on July 9, 2018, and she met her burden of demonstrating a credible fear. Defendant further admits Padilla-Gonzales was released on bond on August 14, 2018. Defendant is without sufficient information to admit or deny the truth or falsity of the remaining allegations asserted in paragraph 60 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

**J.     The trauma that D.A., A.A., and Lucinda suffered from Defendants'
misconduct continues to this day**.

61.     Defendant is without sufficient information to admit or deny the truth or falsity of
the allegations asserted in paragraph 61 of Plaintiffs' Amended Complaint, and therefore denies
the allegations.

62.     Defendant is without sufficient information to admit or deny the truth or falsity of
the allegations asserted in paragraph 62 of Plaintiffs' Amended Complaint, and therefore denies
the allegations.

63.     In response to paragraph 63 of Plaintiffs' Amended Complaint, Defendant admits
A.A. was 5 years old when he was transferred to Heartland Human Care Services. Defendant is
without sufficient information to admit or deny the truth or falsity of the remaining allegations
asserted in the paragraph, and therefore denies the allegations.

64.     Defendant is without sufficient information to admit or deny the truth or falsity of
the allegations asserted in paragraph 64 of Plaintiffs' Amended Complaint, and therefore denies
the allegations.

65.     Defendant is without sufficient information to admit or deny the truth or falsity of
the allegations asserted in paragraph 65 of Plaintiffs' Amended Complaint, and therefore denies
the allegations.

**K.     The government separation and treatment of D.A. and A.A. from Lucinda was
unlawful, violated numerous non-discretionary obligations on federal agents,
and was done in order to coerce them into abandoning their legitimate
immigration claims.**

66.     In response to paragraph 66 of Plaintiffs' Amended Complaint, Defendant avers
this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions

to which no response is required. To the extent a response is required, Defendant denies the allegations in the paragraph.

> 1.   *The separation and treatment of Plaintiffs violated DHS agents' non-discretionary obligations to D.A. and A.A. under the Flores consent decree.*

67.   In response to paragraph 67 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant only admits the *Flores* Agreement is binding on Defendant.  Defendant avers the *Flores* Agreement speaks for itself. Defendant denies the remaining allegations in paragraph 67 of Plaintiffs' Amended Complaint.

68.   In response to paragraph 68 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant only admits the *Flores* Agreement is binding on Defendant.  Defendant avers the *Flores* Agreement speaks for itself.

69.   In response to paragraph 69 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant only admits the *Flores* Agreement is binding on Defendant.  Defendant avers the *Flores* Agreement speaks for itself.

70.   In response to paragraph 70 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant only admits the *Flores* Agreement is binding on Defendant. Defendant avers the *Flores* Agreement speaks for

itself. Defendant avers that to the extent Plaintiffs' allegations relate to any delays to unite D.A. or A.A. with Adron-Castellano, the allegations asserted in this paragraph have been dismissed by the Court and require no response. To the extent a response is required, Defendant denies the allegations in paragraph 70 of Plaintiffs' Amended Complaint.

71.    In response to paragraph 71 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 71 of Plaintiffs' Amended Complaint.

72.    In response to paragraph 72 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their actions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 72 of Plaintiffs' Amended Complaint

73.    In response to paragraph 73 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant avers the *Flores* Agreement speaks for itself. Defendant denies the remaining allegations in paragraph 73 of Plaintiffs' Amended Complaint.

74.    In response to paragraph 74 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant avers the *Flores* Agreement speaks for itself. Defendant denies the remaining allegations in paragraph 74 of Plaintiffs' Amended Complaint.

2. *The separation and treatment Plaintiffs violated DHS agents' non-discretionary obligations to Plaintiffs under various applicable regulations and other rules and standards.*

75. In response to paragraph 75 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant avers the *Flores* Agreement and 8 C.F.R. § 1236.3 speak for themselves. Defendant denies the remaining allegations in paragraph 75 of Plaintiffs' Amended Complaint.

76. In response to paragraph 76 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. Defendant further avers the Transport, Escort, Detention and Search (TEDS) speaks for itself. To the extent a response is required, Defendant denies the remaining allegations in paragraph 76 of Plaintiffs' Amended Complaint.

77. In response to paragraph 77 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their actions and legal conclusions to which no response is required. Defendant further avers the TEDS speaks for itself. To the extent a response is required, Defendant denies the remaining allegations in paragraph 77 of Plaintiffs' Amended Complaint.

78. In response to paragraph 78 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extend a response is required, Defendant further avers the order in *Mrs. L. v. U.S. Immigr. & Customs Enf't*, 310 F. Supp. 3d 1133 (S.D. Cal 2018) speaks for itself.

79.    In response to paragraph 79 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 79 of Plaintiffs' Amended Complaint.

80.    In response to paragraph 80 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. Defendant avers the TEDS and the *Flores* Agreement speaks for themselves. To the extent a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 80 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

81.    In response to paragraph 81 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. Defendant avers the TEDS speaks for itself. To the extent a response is required, Defendant denies the allegations in paragraph 81 of Plaintiffs' Amended Complaint.

82.    In response to paragraph 82 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 82 of Plaintiffs' Amended Complaint.

83.    In response to paragraph 83 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. Defendant avers the TEDS speaks for itself. To the extent a

response is required, Defendant denies the allegations in paragraph 83 of Plaintiffs' Amended Complaint.

84. In response to paragraph 84 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. Defendant avers the Performance-Based National Detention Standards (PBNDS) speaks for itself. To the extent a response is required, Defendant denies the allegations in paragraph 84 of Plaintiffs' Amended Complaint.

85. In response to paragraph 85 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. Defendant avers the PBNDS speaks for itself. Defendant further avers that the allegations asserted in this paragraph relating to Padilla-Gonzales' continuity of medical care have been dismissed by the Court and require no response. To the extent a response is required, Defendant denies the allegations in paragraph 85 of Plaintiffs' Amended Complaint.

86. In response to paragraph 86 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 86 of Plaintiffs' Amended Complaint.

87. In response to paragraph 87 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 87 of Plaintiffs' Amended Complaint.

88. In response to paragraph 88 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions

to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 88 of Plaintiffs' Amended Complaint.

89.    In response to paragraph 89 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant avers the *Mrs. L.* order speaks for itself. Defendant denies the remaining allegations in paragraph 89 of Plaintiffs' Amended Complaint.

90.    In response to paragraph 90 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 90 of Plaintiffs' Amended Complaint.

91.    In response to paragraph 91 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant avers the *Mrs. L.* order speaks for itself. Defendant denies the remaining allegations in paragraph 91 of Plaintiffs' Amended Complaint.

92.    In response to paragraph 92 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required.

93.    In response to paragraph 93 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 93 of Plaintiffs' Amended Complaint.

94.     In response to paragraph 94 of Plaintiffs' Amended Complaint, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in the paragraph that Padilla-Gonzales was pressured make any decision, and therefore denies the allegations. Defendant avers the remaining assertions in the paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required.

**COUNT I**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(United States of America)**

95.     Defendant avers paragraph 95 of Plaintiffs' Amended Complaint constitutes a general reference to other paragraphs within Plaintiffs' Amended Complaint, to which no response is required. To the extent a response is required, Defendant reasserts its responses asserted herein.

96.     In response to paragraph 96 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 96 of Plaintiffs' Amended Complaint.

97.     In response to paragraph 97 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in the paragraph, and therefore denies the allegations.

98.     In response to paragraph 98 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the

allegations in paragraph 98 of Plaintiffs' Amended Complaint. Defendant specifically denies it is liable to Plaintiffs.

**COUNT II**
**BREACH OF FIDUCIARY DUTY**
**(United States of America)**

99.     Defendant avers paragraph 99 of Plaintiffs' Amended Complaint constitutes a general reference to other paragraphs within Plaintiffs' Amended Complaint, to which no response is required. To the extent a response is required, Defendant reasserts its responses asserted herein.

100.    In response to paragraph 100 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required.

101.    In response to paragraph 101 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required.

102.    In response to paragraph 102 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required.

103.    In response to paragraph 103 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required.

104.    In response to paragraph 104 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required.

105.    In response to paragraph 105 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in the paragraph, and therefore denies the allegations.

106.    In response to paragraph 106 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 106 of Plaintiffs' Amended Complaint. Defendant specifically denies it is liable to Plaintiffs.

## COUNT III
## BREACH OF FIDUCIARY DUTY
### (Heartland)

107.    Defendant avers paragraph 107 of Plaintiffs' Amended Complaint constitutes a general reference to other paragraphs within Plaintiffs' Amended Complaint, to which no response is required. To the extent a response is required, Defendant reasserts its responses asserted herein.

108.    The allegations in paragraph 108 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

109.    The allegations in paragraph 109 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

110.     The allegations in paragraph 110 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

111.     The allegations in paragraph 111 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

112.     The allegations in paragraph 112 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

113.     The allegations in paragraph 113 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

114.     The allegations in paragraph 114 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

### COUNT IV
### NEGLIGENCE
### (United States of America)

115.     Defendant avers paragraph 115 of Plaintiffs' Amended Complaint constitutes a general reference to other paragraphs within Plaintiffs' Amended Complaint, to which no response is required. To the extent a response is required, Defendant reasserts its responses asserted herein.

116.     In response to paragraph 116 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required.

117.    In response to paragraph 117 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required.

118.    In response to paragraph 118 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in the paragraph, and therefore denies the allegations.

119.    In response to paragraph 119 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 119 of Plaintiffs' Amended Complaint. Defendant specifically denies it is liable to Plaintiffs.

### COUNT V
### NEGLIGENCE
### (Heartland Alliance)

120.    Defendant avers paragraph 120 of Plaintiffs' Amended Complaint constitutes a general reference to other paragraphs within Plaintiffs' Amended Complaint, to which no response is required. To the extent a response is required, Defendant reasserts its responses asserted herein.

121.    The allegations in paragraph 121 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

122.    The allegations in paragraph 122 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

123.    The allegations in paragraph 123 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

124.    The allegations in paragraph 124 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

**COUNT VI**
**NEGLIGENT SUPERVISION**
**(United States of America)**

125.    Defendant avers paragraph 125 of Plaintiffs' Amended Complaint constitutes a general reference to other paragraphs within Plaintiffs' Amended Complaint, to which no response is required. To the extent a response is required, Defendant reasserts its responses asserted herein.

126.    In response to paragraph 126 of Plaintiffs' Amended Complaint, Defendant avers the allegations asserted in this paragraph have been dismissed by the Court and require no response.

127.    In response to paragraph 127 of Plaintiffs' Amended Complaint, Defendant avers the allegations asserted in this paragraph have been dismissed by the Court and require no response.

128.    In response to paragraph 128 of Plaintiffs' Amended Complaint, Defendant avers the allegations asserted in this paragraph have been dismissed by the Court and require no response.

129.    In response to paragraph 129 of Plaintiffs' Amended Complaint, Defendant avers the allegations asserted in this paragraph have been dismissed by the Court and require no response.

130.    In response to paragraph 130 of Plaintiffs' Amended Complaint, Defendant avers the allegations asserted in this paragraph have been dismissed by the Court and require no response.

131.    In response to paragraph 131 of Plaintiffs' Amended Complaint, Defendant avers the allegations asserted in this paragraph have been dismissed by the Court and require no response. Defendant specifically denies it is liable to Plaintiffs.

## COUNT VII
## NEGLIGENT SUPERVISION
### (Heartland)

132.    Defendant avers paragraph 132 of Plaintiffs' Amended Complaint constitutes a general reference to other paragraphs within Plaintiffs' Amended Complaint, to which no response is required. To the extent a response is required, Defendant reasserts its responses asserted herein.

133.    The allegations in paragraph 133 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

134.    The allegations in paragraph 134 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

135.    The allegations in paragraph 135 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

136.    The allegations in paragraph 136 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

137.    The allegations in paragraph 137 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

### COUNT VIII
### CONVERSION
### (United States of America)

138.    Defendant avers paragraph 138 of Plaintiffs' Amended Complaint constitutes a general reference to other paragraphs within Plaintiffs' Amended Complaint, to which no response is required. To the extent a response is required, Defendant reasserts its responses asserted herein.

139.    In response to paragraph 139 of Plaintiffs' Amended Complaint, Defendant avers the allegations asserted in this paragraph have been dismissed by the Court and require no response.

140.    In response to paragraph 140 of Plaintiffs' Amended Complaint, Defendant avers the allegations asserted in this paragraph have been dismissed by the Court and require no response.

141.    In response to paragraph 141 of Plaintiffs' Amended Complaint, Defendant avers the allegations asserted in this paragraph have been dismissed by the Court and require no response.

142.    In response to paragraph 142 of Plaintiffs' Amended Complaint, Defendant avers the allegations asserted in this paragraph have been dismissed by the Court and require no response. Defendant specifically denies it is liable to Plaintiffs.

## COUNT IX
## ABUSE OF PROCESS
### (United States of America)

143.     Defendant avers paragraph 143 of Plaintiffs' Amended Complaint constitutes a general reference to other paragraphs within Plaintiffs' Amended Complaint, to which no response is required. To the extent a response is required, Defendant reasserts its responses asserted herein.

144.     In response to paragraph 144 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 144 of Plaintiffs' Amended Complaint.

145.     In response to paragraph 145 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 145 of Plaintiffs' Amended Complaint.

146.     In response to paragraph 146 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 146 of Plaintiffs' Amended Complaint.

## COUNT X
## LOSS OF CONSORTIUM
### (United States of America)

147.     Defendant avers paragraph 147 of Plaintiffs' Amended Complaint constitutes a general reference to other paragraphs within Plaintiffs' Amended Complaint, to which no response is required. To the extent a response is required, Defendant reasserts its responses asserted herein.

148.     In response to paragraph 148 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 148 of Plaintiffs' Amended Complaint.

149.     In response to paragraph 148 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the truth or falsity of the allegations asserted in paragraph 149 of Plaintiffs' Amended Complaint, and therefore denies the allegations.

150.     In response to paragraph 150 of Plaintiffs' Amended Complaint, Defendant avers this paragraph contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 150 of Plaintiffs' Amended Complaint. Defendant specifically denies it is liable to Plaintiffs.

## COUNT XI
## REHABILITATION ACT
### (Heartland Alliance)

151.     Defendant avers paragraph 151 of Plaintiffs' Amended Complaint constitutes a general reference to other paragraphs within Plaintiffs' Amended Complaint, to which no response is required. To the extent a response is required, Defendant reasserts its responses asserted herein.

152.     The allegations in paragraph 152 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

153.     The allegations in paragraph 153 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

154.     The allegations in paragraph 154 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

155.     The allegations in paragraph 155 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

156.     The allegations in paragraph 156 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

157.     The allegations in paragraph 157 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

158.     The allegations in paragraph 158 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

159.     The allegations in paragraph 159 of Plaintiffs' Amended Complaint are not directed against Defendant, the allegations relate to a defendant who is no longer a party to this lawsuit and therefore no response is required.

**COUNT XII**
**ASSAULT/BATTERY**
**(United States of America)**

160.     Defendant avers paragraph 160 of Plaintiffs' Amended Complaint constitutes a general reference to other paragraphs within Plaintiffs' Amended Complaint, to which no response is required. To the extent a response is required, Defendant reasserts its responses asserted herein.

161.     Defendant denies the allegations in paragraph 161 of Plaintiffs' Amended Complaint.

162.     Defendant denies the allegations in paragraph 162 of Plaintiffs' Amended Complaint.

163.     Defendant denies the allegations in paragraph 163 of Plaintiffs' Amended Complaint. Defendant specifically denies it is liable to Plaintiffs.

**COUNT XIII**
**MEDICAL NEGLIGENCE**
**(United States of America)**

164.     Defendant avers paragraph 164 of Plaintiffs' Amended Complaint constitutes a general reference to other paragraphs within Plaintiffs' Amended Complaint, to which no response is required. To the extent a response is required, Defendant reasserts its responses asserted herein.

165.     In response to paragraph 165 of Plaintiffs' Amended Complaint, Defendant avers the allegations asserted in this paragraph have been dismissed by the Court and require no response.

166.     In response to paragraph 166 of Plaintiffs' Amended Complaint, Defendant avers the allegations asserted in this paragraph have been dismissed by the Court and require no response.

167.     In response to paragraph 167 of Plaintiffs' Amended Complaint, Defendant avers the allegations asserted in this paragraph have been dismissed by the Court and require no response.

168.     In response to paragraph 168 of Plaintiffs' Amended Complaint, Defendant avers the allegations asserted in this paragraph have been dismissed by the Court and require no response. Defendant specifically denies it is liable to Plaintiffs.

## PRAYER FOR RELIEF

This paragraph sets forth Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the requested relief.

## DEMAND FOR JURY TRIAL

The remainder of Plaintiffs' First Amended Complaint consists of their demand for a jury trial, to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to a jury trial.

## AFFIRMATIVE DEFENSES

In further answering the First Amended Complaint, the United States raises the following affirmative and other defenses:

### First Defense

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

### Second Defense

Plaintiffs' claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty. 28 U.S.C. § 2680(a).

### Third Defense

Plaintiffs' claims are barred to the extent that they are based on the execution of federal statutes or regulations. 28 U.S.C. § 2680(a).

### Fourth Defense

Plaintiffs have failed to state a claim on which relief may be granted in whole or in part.

### Fifth Defense

The United States, through employees, did not owe a legal duty to Plaintiffs.

### Sixth Defense

The United States, through employees, did not breach a legal duty owed to Plaintiffs.

### Seventh Defense

The United States has waived its sovereign immunity only for the actions of "employees of the government" as defined in 28 U.S.C. § 2671.

### Eighth Defense

Acts or omissions of the United States, through employees, were not the proximate cause of injury to Plaintiffs.

### Ninth Defense

In the event the United States is found to have been negligent or otherwise wrongful, which negligence or wrongful conduct is denied, the superseding and intervening negligence or wrongful conduct of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence or wrongful conduct and Plaintiffs' alleged injuries, cutting off the legal effect of the United States' negligence or wrongful conduct.

### Tenth Defense

Plaintiffs' recovery of damages, if any, is limited by federal and applicable state law.

**Eleventh Defense**

Plaintiffs' recovery against the United States, if any, is limited to the amount stated in timely and properly presented administrative claims. 28 U.S.C. § 2675(b). To the extent Plaintiffs have not timely or properly presented administrative tort claims, or seek relief different from, or in excess of, that set forth in a timely and properly filed administrative tort claim, Plaintiffs have not exhausted their administrative remedies.

**Twelfth Defense**

Plaintiffs may not recover punitive damages, non-monetary damages, or prejudgment interest under the Federal Tort Claims Act. 28 U.S.C. § 2674.

**Thirteenth Defense**

To the extent the Court enters a money judgment against the United States, Plaintiffs are entitled to post-judgment interest only in accordance with the provisions of 28 U.S.C. § 1961(b) and 31 U.S.C. § 1304(b).

**Fourteenth Defense**

Plaintiffs' claims are barred by any exception to or limitation on the United States' waiver of sovereign immunity.

**Fifteenth Defense**

Under the FTCA, the United States only may be held liable in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674.

**Sixteenth Defense**

To the extent that there are persons who were comparatively at fault, whether or not they are currently parties to this lawsuit, principles of comparative fault apply and liability must be apportioned or any judgment reduced as set forth under applicable state law.

### Seventeenth Defense

Plaintiffs' claims are barred or diminished by Plaintiffs' failure to mitigate damages.

### Eighteenth Defense

The United States is not liable for any pre-existing, intervening, or superseding occurrences which caused, compounded, or created Plaintiffs' injuries.

### Nineteenth Defense

Any comparative or proportionate negligence of fault of Plaintiffs should be used to offset in whole or in part any recovery by Plaintiffs against Defendant, and Defendant may only be held responsible for its proportionate share of the fault, if any. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.001.

### Twentieth Defense

The United States is entitled to credit, offset, or set-off for any past or future benefits paid to or on behalf of or received by Plaintiffs, to the extent allowed under federal and state, common and statutory law, and under any state of federal program such as Medicare, Medicaid, or any other insurance.

### Twenty-first Defense

The United States denies it was negligent, but if found negligent requests the Court order that any future damage other than medical, healthcare, or custodial services awarded in any health care liability claim be paid in whole or in part in periodic payments rather than by a lump sum payment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.503(b).

### Twenty-second Defense

Plaintiffs are limited in the recovery of any medical or health care expenses to the amount actually paid or incurred on behalf of Plaintiffs. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.503(b).

### Twenty-third Defense

 To the extent third parties have cause or contributed to the harm for which recovery of damages is sought by Plaintiffs, they are Responsible Third Parties within the meaning of Tex. Civ. Prac. & Rem. Code Ann. §33.011(6). The United State is not liable for the percentage of harm for which any responsible third party that discovery may reveal, and found responsible in accordance with Tex. Civ. Prac. & Rem. Code Ann. §§ 33.003, 33.004.

### Twenty-fourth Defense

The United States asserts that it has, or may have, additional affirmative defenses that are not known to the United States at this time but may be ascertained through discovery in this action. The United States specifically preserves these defenses and reserves the right to amend its Answer with additional affirmative defenses or other defenses that may be available, including any defenses under Rules 8 and 12 of the Federal Rule of Civil Procedure.

Defendant requests judgement in its favor on the First Amended Complaint, that the Amended Complaint be denied and dismissed with prejudice with Plaintiffs taking nothing thereby, and that Defendant be awarded its costs and all other and further relief that the Court deems just and proper.

Respectfully submitted,

**JAIME ESPARZA**
UNITED STATES ATTORNEY

/s/ Manuel Romero
**MANUEL ROMERO**
Assistant United States Attorney
Texas State Bar No. 24041817
Email: Manuel.Romero@usdoj.gov
**ANGELICA A. SAENZ**
Texas State Bar No. 24046785
Email: Angelica.Saenz@usdoj.gov
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office: (915) 534-6555
Facsimile: (915) 534-3490
*Attorneys for Defendant United States*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants: Anand Swaminathan, Stephen H. Weil, Joe A. Spencer, Zachary Manfredi, and Ming Tanigawa-Lau, *Attorneys for Plaintiffs.*

/s/ Manuel Romero
**MANUEL ROMERO**
Assistant United States Attorney