**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **D.A., A.A., and LUCINDA DEL CARMEN PADILLA GONZALES,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **EP-22-CV-00295-FM** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Defendant.** | § | |

**JOINT MOTION FOR ORDER ENTERING CLAWBACK AGREEMENT AND ORDER PURSUANT TO FED. R. CIV. P. 502(d)**

The parties jointly move for entry of an order pursuant to Fed. R. Evid. 502(d), lodged together with this motion, to protect the parties against waiver of any privileges, protections, or immunities attaching to documents produced in this action.

The parties anticipate that privileged documents may be produced in this action. Absent an order from the Court, under certain circumstances, production of privileged documents can operate as a waiver of any applicable privilege, protection, and/or immunity with respect to disclosure. Fed. R. Evid. 502(d) provides that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other federal or state proceeding." Rule 502(d) is intended to expedite discovery and save costs in matters involving large volumes of documents and ESI, by reducing or eliminating the risk that disclosure will result in waiver of privileges. Fed. R. Evid. 502(d), Advisory Committee Notes (2007). These factors support entry of an order under Fed. R. Evid. 502(d) here.

The parties therefore request that the Court issue the parties' proposed order pursuant to Fed. R. Evid. 502(d).

Respectfully submitted,

**JAIME ESPARZA**
UNITED STATES ATTORNEY

Date: 5/15/23

/s/ Manuel Romero
**MANUEL ROMERO**
Assistant United States Attorney
Texas State Bar No. 24041817
Email: Manuel.Romero@usdoj.gov
**ANGELICA A. SAENZ**
Assistant United States Attorney
Texas State Bar No. 24046785
Email: angelica.saenz@usdoj.gov
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office: (915) 534-6555
Facsimile: (915) 534-3490
*Attorneys for Defendant*

**AND**

Date: 5/15/23

/s/ Stephen Weill
**STEPHEN WEIL***
IL Bar No. 6291062
Email: weil@loevy.com
**ANAND SWAMINATHAN***
NY Bar No. 4511770
Email: anand@loevy.com
LOEVY & LOEVY
311 North Aberdeen St., 3rd Fl.
Chicago, IL 60607
Office: (312) 243-5900
Fax: (312) 243-5902

**ZACHARY MANFREDI***
CA Bar No. 320331
Zachary.manfredi@asylumadvocacay.org
**MING TANIGAWA-LAU***
CA Bar No. 340243
ming.tanigawa-lau@asylumadvocacy.org
ASYLUM SEEKER ADVOCACY PROJECT
228 Park Ave. S. #84810
New York, NY 10003
(646) 385-0172
**Admitted pro hac vice*

**JOE A. SPENCER**
TX Bar No. 18921800
Joe A. Spencer Attorney & Counselor at Law
1009 Montana Ave
El Paso, TX 79902
Office: (915) 532-5562
Fax: (915) 532-7535
Email: Joe@joespencerlaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **D.A., A.A., and LUCINDA DEL CARMEN PADILLA GONZALES, Plaintiffs,** | § § § § | |
| **v.** | § | **EP-22-CV-00295-FM** |
| **UNITED STATES OF AMERICA, Defendant.** | § § § | |

**[PROPOSED] FEDERAL RULE OF EVIDENCE 502(d) ORDER**

Upon review of the parties' joint motion and good cause appearing.

**IT IS ORDERED** pursuant to Rule 502(d) of the Federal Rules of Evidence, Rule 26(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority, the production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Order applies to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), governmental privileges (including, but not limited to, deliberative process privilege, law enforcement privilege, and other privileges the United States may invoke), or any other applicable privilege or protection. Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

This Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not

constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

**I. DEFINITIONS**

1. "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

2. "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

**II. PROCEDURES**

The procedures applicable to a claim of privilege on a produced Document and the resolution thereof shall be as follows:

**Discovery of Potentially Privileged Document by Receiving Party**

1. If a party discovers a document, or part thereof, produced by another party that is privileged or otherwise protected, the receiving party shall promptly notify the producing party and shall sequester and cease use of the identified Document or information to give the producing party a reasonable period, presumptively three (3) business days, to determine if the document was intentionally produced. If the producing party indicates that a document should be returned or destroyed because it is privileged or otherwise protected, and the receiving party agrees with the privilege assertion, the receiving party shall (1) promptly return the specified Document(s) and any copies or (2) destroy the document(s) and copies and certify to the producing party that the Document(s) and copies have been destroyed. The receiving party must also promptly identify, sequester, and destroy any notes summarizing the substance of a Document, except that the

receiving party may retain notes (1) reflecting or memorializing any discussions with the producing party about the privilege assertion and/or (2) related to motion practice challenging the producing party's privilege assertion. If the receiving party contests the privilege assertion, the parties will abide by the process as laid out in Paragraphs 5 through 7 below. Nothing in this Order is intended to shift the burden to identify privileged and protected Documents from the producing party to the receiving party.

**Discovery of Potential Privilege by Producing Party**

2. If the producing party determines that a Document Produced, or part thereof, is subject to a privilege or privileges, the producing party shall give the receiving party notice of the claim of privilege ("privilege notice").

3. The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as identification of the privilege asserted and its basis.

4. Upon receiving the privilege notice, if the receiving party agrees with the privilege assertion made, the receiving party must (1) promptly return the specified Document(s) and any copies or (2) destroy the Document(s) and copies and certify to the producing party that the Document(s) and copies have been destroyed. The receiving party must sequester and destroy any notes summarizing the substance of a Document, except that the receiving party may retain notes (1) reflecting or memorializing any discussions with the producing party about the privilege assertion and/or (2) related to motion practice challenging the producing party's privilege assertion." If a receiving party disclosed the Document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the Document or information.

5. Upon receiving the privilege notice, if the receiving party wishes to dispute a producing party's privilege notice, the receiving party shall promptly meet and confer with the producing party. The Document(s) shall be sequestered immediately upon receiving the privilege notice and may not be used by the receiving party in the litigation (e.g. filed as an exhibit to a pleading; used in deposition) while the dispute is pending. If the parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the receiving party may make a sealed motion for a judicial determination of the privilege claim.

6. Pending resolution of the judicial determination, the parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person except as may be required to present the issue for judicial resolution. The receiving party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the producing party's favor.

7. If a document must be returned or destroyed as determined by the process above, that document, along with copies of the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine information technology and cybersecurity functions.

SIGNED on this _____day of ________________________________, 2023.

________________________________

**FRANK MONTALVO**
**SENIOR U.S. DISTRICT JUDGE**