IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| D.A., A.A., and LUCINDA DEL CARMEN PADILLA-GONZALES, | ) ) ) | |
| Plaintiffs, | ) ) ) | EP-22-CV-00295-FM |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

**MOTION FOR COURT APPROVAL OF SETTLEMENT OF MINOR'S CLAIMS**

Plaintiffs Lucinda del Carmen Padilla-Gonzales, as the mother and statutory representation of daughter, D.A., and her minor son, A.A, respectfully move this Court for entry of the proposed Order: (1) approving the terms of the settlement entered into between Plaintiffs (one of whom is a minor, A.A.) and Defendant United States of America ("Defendant"); and (2) approving the proposed distribution of the settlement proceeds. In support of this motion, Plaintiffs state as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

This case involves the alleged mistreatment of two minors and their adult mother while in the custody of the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et. seq.* ("FTCA"). Plaintiffs allege they were detained, isolated, and forcibly and unreasonably separated by Defendant for more than a month. Further, Plaintiff Padilla-Gonzales alleges that she suffered a serious injury while being transported by Defendant in a government vehicle. Plaintiffs assume the Court's familiarity with the facts, which are described in detail in the Court's order denying the United States of America's motion to dismiss. *See* Dkt. 126.

1

I.     **The Settlement, Attorney's Fees, and Costs**

Plaintiffs filed this lawsuit on May 22, 2020 in the Northern District of Illinois. Dkt. 1. On August 11, 2022, the Court granted Defendants' motion to transfer and this case was transferred to the Western District of Texas. Dkt. 85. On March 23, 2023, this Court granted in part and denied in part Defendant's motion to dismiss. Dkt. 123. From there, the parties commenced written discovery and Plaintiffs served a first round of discovery requests.

Thereafter, the parties engaged in settlement negotiations, which led to an agreed Settlement whereby Defendant will pay Plaintiffs Three Hundred and Fifty Thousand Dollars ($350,000) ("Settlement Amount") in settlement of all claims, pending Court approval. Plaintiffs have attached the proposed Settlement Agreement as Exhibit A hereto.

Plaintiffs must receive this Court's approval for the minor, A.A.'s, portion of the Settlement in order for the United States Department of Justice to approve the Settlement. Once the parties have received this Court's approval and the Department of Justice's approval, the Settlement will be distributed.

A.A.'s portion of the Settlement will be held in a pooled minor's trust managed by Legacy Enhancement. Plaintiffs will be assigned a Trust Officer who will oversee distributions of funds to A.A. before he reaches the age of majority. Allowable distributions before he turns 18 years old include education, healthcare, and technology expenses. Once A.A. turns 18 years old, he may obtain distributions of the funds that remain for a wider range of expenses, as approved by the Trust Officer. When A.A. turns 21 years old, all remaining funds will be distributed to him *in toto*. Many Plaintiffs in other FTCA family separation cases have selected Legacy Enhancement and had it approved by courts as their minor fiduciary.

Under 28 U.S.C. § 2678, attorney's fees in an FTCA suit are limited to 25% of the settlement amount. Pursuant to Plaintiffs' retainer agreement, Plaintiffs' counsel advanced litigation costs with the agreement that Plaintiffs' attorneys would be entitled to 18% of any recovery ultimately received, to be divided by Loevy & Loevy and their co-counsel, the Asylum Seeker Assistance Project. Counsel therefore requests that the Court award it 18% of the recovery, which would amount to $63,000, to be divided between Loevy & Loevy and the Asylum Seeker Assistance Project. Additionally, Plaintiffs' counsel, Loevy & Loevy, has incurred $13,262 in litigation costs, which encompasses eDiscovery hosting charges, court filing charges, and the cost of conducting an expert neurological exam. Plaintiffs will split the remainder of the Settlement equally between the three of them. Taking into account counsel's 18% share in addition to costs provides a net recovery of $273,738 total and the following net recovery to each Plaintiff:

- Padilla-Gonzales: $91,246
- D.A.: $91,246
- A.A.: $91,246

The United States has not objected to the Settlement distribution or this Motion.

**II. The Settlement in this Case is Reasonable**

In evaluating a settlement that includes minor plaintiffs, "[t]he overarching issue" for the Court is "whether the settlement is in the best interests of the minors in light of the particular facts of the case." *Baladez v. General Motors, LLC*, No. 1:17-cv-0194, 2018 WL 6737978, at *2 (N.D. Tex. Dec. 18, 2018). To that end, the Court will determine whether the amount allocated to each minor is fair and reasonable. *Id.* "[B]ecause the parties and counsel are typically in the best

position to evaluate the settlement; their judgments are entitled to considerable weight." *Id.* (internal quotations and citation omitted).

The settlement is fair and reasonable, as Plaintiffs have agreed to an equal division of the settlement between themselves. In particular, the $91,246 allocated to A.A., which is the only portion that requires judicial approval, is reasonable. This amount will provide adequate funds for A.A. to seek counsel for the trauma he experienced, as necessary. Further, to the extent that the funds are not needed for counseling, this settlement ensures that A.A. will have a substantial amount of money available to him when he becomes an adult. Moreover, settling now provides certainty and avoids prolonged litigation. Additionally, allocating the same amount to A.A. provides him with the same recovery as his sister, D.A., who brought the same claims against Defendant and was also a minor at the time of the incident in question.

The Court need not appoint a guardian ad litem because A.A.'s interests are adequately protected by his mother and legal representative, Plaintiff Lucinda Padilla-Gonzales. The Court retains discretion to appoint a guardian ad litem under Fed. R. Civ. P. 17(c) if it finds that the minor's interests are not adequately protected by their legal representative. *Adelman on Behalf of Adelman v. Graves*, 747 F.2d 986, 988 (5th Cir. 1984). That is the case where the legal representative may have a conflict of interest with the minor he or she represents. *Id.*

But "[w]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." *Limon v. United States*, No. 5:22-cv-33, 2022 WL 16953041, at *3 (S.D. Tex. Nov. 7, 2022) (quoting *Gonzalez-Gonzalez-Jiminez de Ruiz v. United States*, 231 F. Supp. 2d 1187, 1196-97 (M.D. Fla. 2002) (internal quotation marks omitted)). That is the case here. Padilla-Gonzales's and A.A.'s interests are the same: both have filed suit as a result of

their separation and detention in federal custody during the same period. Given that there is no conflict of interest between A.A. and his legal representative, Plaintiff Padilla-Gonzales, this Court should approve the settlement on behalf of A.A.

### III. Requested Action by the Court

Plaintiffs request that the Court enter the attached proposed Order, providing as follows:

1. Approving the Settlement of this lawsuit for $350,000.

2. Approving the following allocation of the Settlement:

| | |
|---|---|
| Padilla-Gonzales | $91,246 |
| A.A. | $91,246 |
| D.A. | $91,246 |
| Loevy & Loevy and Asylum Seeker Assistance Project | $63,000 |
| Litigation costs | $13,262 |

3. Authorizing A.A.'s portion of the Settlement into a pooled minor's trusted managed by Legacy Enhancement. Plaintiffs' counsel will coordinate with Plaintiffs and Legacy Enhancement to set up the pooled minor's trust on A.A.'s behalf.

### IV.     Hearing

While Plaintiffs do not believe a hearing on the foregoing is needed, they are available should the Court have any concerns or questions prior to approving the Settlement.

### V.      Conclusion

For the reasons stated above, the Court should approve the proposed Settlement.

Respectfully submitted,

July 29, 2024


/s/ Annie Prossnitz

**STEPHEN WEIL\***
Il Bar No. 6291062
Email: weil@loevy.com
**ANAND SWAMINATHAN\***
NY Bar No. 4511770
Email: anand@loevy.com
**ANNIE PROSSNITZ**
IL Bar No. 6336590
Email: prossnitz@loevy.com
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900

**JOE A. SPENCER**
TX Bar No. 18921800
Joe A. Spencer Attorney & Counselor at Law
1009 Montana Ave.
El Paso, TX 79902
Office: (915) 532-5562
Email: Joe@joespencerlaw.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| D.A., A.A., and LUCINDA DEL CARMEN PADILLA-GONZALES, | ) ) ) | |
| Plaintiff, | ) ) ) | EP-22-CV-00295-FM |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is the Plaintiffs' Motion for Court Approval of Settlement of Minor's Claims. After reviewing the motion, the applicable law, and Plaintiffs' arguments, the Court concludes that the Motion should be GRANTED.

IT IS THEREFORE ORDERED:

1. The Court approves the settlement of this action.

2. The Court approves the allocation of the settlement proceeds as requested between Lucinda Padilla-Gonzales, D.A., and A.A. (to be split equally).

3. The Court approves placement of A.A.'s portion of the Settlement into a pooled minor's trust operated by Legacy Enhancement until A.A. reaches the age of 21.

4. The Court approves attorney's fees to Loevy & Loevy and the Asylum Seeker Assistance Project in the amount of $63,000, as well as costs to Loevy & Loevy in the amount of $13,262, to be paid out of the settlement.

5. Plaintiffs' counsel shall coordinate with A.A. and Legacy Enhancement for the execution of all necessary paperwork and the funding of the pooled minor's trust on behalf of A.A. and shall report back to the Court once funding is completed.

Signed on the \_\_\_\_ day of _____ 2024, El Paso, Texas.

_____

**THE HONORABLE FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**

**CERTIFICATE OF SERVICE**

      I, Annie Prossnitz, an attorney, certify that on July 29, 2024, I filed the foregoing MOTION TO APPROVE SETTLEMENT OF MINOR'S CLAIMS using the Court's CM/ECF system, which effected service on all counsel of record.

                                                /s/ Annie Prossnitz
                                                *One of Plaintiffs' Attorneys*